518 A.2d 1303

In Re: Randall James Rock. Randall James Rock, Appellant.

Submitted on briefs October 9, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

450

*Alexander H. Lindsay, Jr.,* for appellant.

*Harold H. Cramer,* Assistant Counsel, for appellee, Department of Transportation.

OPINION BY JUDGE CRAIG, December 12, 1986:

Motorist Randall James Rock appeals an order of the Court of Common Pleas of Butler County which affirmed a two-year extension of his driver's license revocation based upon a Vehicle Code conviction docketed after the Pennsylvania Department of Transportation (DOT) had determined Mr. Rock to be a habitual offender under section 1542 of the Vehicle Code, 75 Pa. C. S. §1542. We affirm.

On June 3, 1983, DOT had found Mr. Rock to be a habitual offender under section 1542 because of three separate convictions for violations of section 1543, driving while his operating privileges had been revoked and suspended. DOT revoked Mr. Rock's license for five years as a result of the three convictions. Subsequently, Mr. Rock was convicted on August 10, 1983 for a July, 1982 violation of section 1543 and, as a consequence, DOT extended his license revocation for two years under section 1542(e).

The following is a summary of Mr. Rock's violations and DOT's notifications:

| | Violation | Revocation Notice Mailed |
|---|---|---|
| | 3/28/80 | |
| | 6/18/81 | |
| Habitual offender | 9/29/82 | 6/3/83 |
| Two-Year Add-On | 7/24/82 | 11/7/83 |

Mr. Rock contends that DOT improperly extended his license revocation because he committed the July, 1982 offense *before* DOT found him to be a habitual offender under section 1542, claiming that an additional offense under section 1542(e) has effect only if committed *after* the administrative determination of habitual offender status. DOT argues that section 1542(e) includes additional offenses committed before the habitual offender administrative determination, not just after it.

Section 1542(e) provides:

(e) **Additional offenses.**—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.

The issue, therefore, is whether section 1542(e) of the Vehicle Code bars DOT from including a conviction based on a code violation which predated the habitual offender administrative determination, if that violation is otherwise within the terms of that subsection.

This court has not previously encountered this precise question. However, careful examination of all the terms of section 1542 does not provide any suggestion that the date of the administrative determination of habitual offender status pertains in any way to the definition of a five-year period within which violations are counted.

Subsections 1542(a) and (b) impose habitual offender status and a five-year revocation for three violations (section 1542(b)) committed "within any period of five years. . . ." (subsection 1542(a)).

Subsection 1542(e) imposes an additional two-year revocation for any additional offense committed within "a period of five years. . . ." Section 1542 nowhere makes any reference to the habitual offender notice issuance by DOT as a date germane to a five-year period.

As clearly indicated in the above tabulation, all four of the offenses involved here were committed within a single five-year period. Therefore, subsection 1542(e) authorization for an additional revocation is applicable, and the fact that DOT did not find Mr. Rock to be a habitual offender until after the commission of his July, 1982 offense is immaterial.

Accordingly, we affirm.

ORDER

Now, December 12, 1986, the order of the Court of Common Pleas of Butler County, No. 83-113, dated April 9, 1984, is affirmed.